OPINION
{¶ 1} Defendant-appellant, Brian Bailey, appeals a decision of the Clermont County Common Pleas Court dividing property and allocating parental rights in a divorce case.
 {¶ 2} Appellant and appellee, Tina Bailey, were married on April 5, 2002. In October of that same year, appellee filed a complaint for divorce. The trial court held a final hearing on property division and parental rights and responsibilities on November 18 and 19, 2003. The court issued a decision resolving property and parenting issues and granting a divorce on January 13, 2004.
 {¶ 3} Appellant now appeals various issues in the trial court's decision. He raises the following four assignments of error for our review:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The court tracing appellant's $10,000 to a payment on the appellee's car instead of tracing it to a payment on the house was against the manifest weight of the evidence."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The court failed to follow O.R.C. § 3119.82 when it designated the appellee as the parent entitled to claim the federal, state and local tax exemptions, excluding the appellant from consideration."
 {¶ 8} Assignment of Error No. 3:
 {¶ 9} "The court incorrectly ruled an extrinsic piece of evidence used for the purpose of impeachment during cross-examination is inadmissible if it was not disclosed to opposing counsel two weeks prior to the trial."
 {¶ 10} Assignment of Error No. 4:
 {¶ 11} "The court found the appellant in contempt without conducting a hearing or hearing testimony on the matter."
 {¶ 12} In his first assignment of error, appellant contends that the trial court erred in determining $10,000 deposited into the parties' account was marital property and not an individual payment toward the home the parties lived in.
 {¶ 13} Before the parties were married, they decided to purchase a home. The home was purchased in appellee's name only. Appellant paid $1,000 down as earnest money toward the house. The parties agreed that appellee would contribute $22,000 toward the down payment, and appellant would contribute $15,000. When time came for closing on the property, appellant did not have his portion of the down payment. Appellee contributed a total of $37,208.99 toward the purchase of the home, with the understanding that appellant would pay her the $15,000 he agreed to contribute.
 {¶ 14} During the marriage, appellant deposited two checks totaling a little over $10,000 into the parties' joint account. Around two months later, appellee used $10,000 of the money to pay off the loan on her Ford Explorer.
 {¶ 15} At the hearing, appellant testified that the deposit of the money in the parties' account was a payment on the $15,000 he owed toward the house. Appellee, however, testified that the money was not repayment of the purchase price, but was simply a deposit made by appellant into the parties' joint account.
 {¶ 16} The trial court found that the $10,000 deposit was marital property because appellant failed to sufficiently trace the funds back to separate property by establishing that it was a payment on the loan.
 {¶ 17} In a divorce action, the trial court must classify assets as marital or nonmarital and then award each spouse his or her own separate, nonmarital property. R.C. 3105.171(B). "Marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage[,]" and "[a]ll interest that either or both of the spouses currently has in any real or personal property * * * and that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.171(A)(3)(a)(i) and (ii).
 {¶ 18} "Separate property" includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C.3105.171(A)(6)(a)(ii). The commingling of separate and marital property does not destroy the identity of the separate property unless it is not traceable. R.C. 3105.171(A)(6)(b). Holding title to property by one spouse individually or by both spouses does not determine whether that property is marital or separate. R.C.3105.171(H).
 {¶ 19} The characterization of the parties' property is a factual inquiry and the trial court's determination will not be reversed if supported by some competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck v. Peck
(1994), 96 Ohio App.3d 731, 734.
 {¶ 20} In this case, appellant contends that his testimony and the testimony of the court's child's services investigator support his contention that the deposit was repayment of the loan. Appellant testified that the deposit was a payment made to appellee as part of the $15,000 he owed her for the down payment on the house. The investigator testified that the parties frequently fought over money, and in particular that they fought over appellant's failure to repay the $15,000 down payment on the house. He argues that the trial court ignored this "credible evidence," and found that since appellee used the money to pay off her Ford Explorer, the parties intended the money to be used for that purpose.
 {¶ 21} Contrary to appellant's assertions, there is competent, credible evidence to support the trial court's determination that the $10,000 was marital property. The checks did not contain any type of notation as to the purpose for which they were written, nor was there any testimony regarding the source of the money. The checks were deposited in the parties' joint account. Appellee testified that when the checks were deposited, she and appellant discussed several things they could do with the money, and ultimately they decided to pay off the loan on her car.
 {¶ 22} As mentioned above, appellant had the burden to prove that the deposits were separate property. We find that there was competent, credible evidence from which the court could determine that appellant failed to meet his burden in tracing these deposits to separate property. Appellant's first assignment of error is overruled.
 {¶ 23} In his second assignment of error, appellant contends that the trial court erred in designating appellee as the parent entitled to claim the income tax exemption for the parties' minor child. Pursuant to an agreement reached by the parties during the hearing, appellee was designated as the residential parent, and appellant was granted parenting time as specified by the agreement. At the close of the hearing, the trial court stated that appellee would receive the tax exemption for the child. Appellant's counsel objected and asked that it be rotated. Appellee's counsel responded that the tax exemption goes to the residential parent and no other evidence had been presented on the issue. The trial court agreed and reiterated its decision designating appellee as the parent entitled to take the tax exemption.
 {¶ 24} On appeal, appellant argues that the trial court was required to consider the best interest of the child on this issue and failed to do so. He contends that R.C. 3119.82 requires the court to consider certain factors to determine what is in the child's best interest if the parties do not agree on the designation of the tax exemption.
 {¶ 25} R.C. 3119.82 provides:
 {¶ 26} "If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 27} R.C. 3119.82 codified the holding in Singer v.Dickinson (1992), 63 Ohio St.3d 408, that a nonresidential parent may receive the tax exemption when it produces a net tax savings for the parents in the best interests of the child and also added new considerations as well, "increasing the court's discretion in determining best interests to a level beyond that of merely net tax savings." Reichman v. Reichman, Tuscarawas App. No. 2001 AP 12 0112, 2002-Ohio-4712, quoting Tar v.Walter, Jefferson App. No. 01JE7, 2002-Ohio-3188. According to federal law, there is a presumption that the dependency tax exemption is given to the custodial parent. Hughes v. Hughes
(1988), 35 Ohio St.3d 165, 167.
 {¶ 28} In this case, although the tax exemption was listed as a contested issue on a list of stipulations submitted by the parties, appellant failed to produce any further evidence on this issue. The parties' W-2 forms, old tax returns and income worksheet indicate that their incomes are essentially equal. Given that appellant did not present any further evidence on this issue, the trial court did not err in failing to undergo a specific analysis of the factors provided in R.C. 3119.82. Accordingly, appellant's second assignment of error is overruled.
 {¶ 29} In his third assignment of error, appellant contends that the trial court erred in not admitting evidence he proffered at the hearing. Appellant's counsel questioned appellee regarding her alleged failure to release dower rights on property owned by appellant before the properties went into foreclosure. Appellee stated that she did not receive communications from appellant or his counsel regarding the properties before the time for foreclosure. Appellant's counsel then attempted to question appellee about two letters he sent to appellee's attorney regarding sale of the properties prior to the date of foreclosure. The trial court sustained an objection to the exhibits because they were not disclosed before trial.
 {¶ 30} The admission or exclusion of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon a showing of an abuse of that discretion. Renfro v. Black (1990), 52 Ohio St.3d 27, 32. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. State ex rel. The V. Cos. v.Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329.
 {¶ 31} The civil rules were designed to provide for full discovery of all pertinent nonprivileged evidence and to allow both parties to accurately assess the merits of their case prior to trial. Jones v. Murphy (1984), 12 Ohio St.3d 84, 86. Furthermore, the civil rules are intended to eliminate surprise and prevent a "trial by ambush." Id. Finally, we note that Civ.R. 37(B)(2)(b) allows a court to exclude evidence if a party "fails to obey an order to provide or permit discovery[.]"
 {¶ 32} On appeal, appellant does not dispute the fact that he did not disclose these letters as required by the court's order. Instead, he argues that these letters were admissible as prior inconsistent statements of a witness under Evid.R. 613. We disagree. Nothing in the letter is inconsistent with appellee's testimony. She admitted that she was aware of the letters, but not until after the closing had taken place. Nothing in the letters was inconsistent with that statement. Moreover, appellant did not present this argument to the trial court, and instead argued that on cross-examination he did not need to disclose documents prior to trial. We find no error in the trial court's decision to exclude this evidence because it was not disclosed prior to trial. Appellant's third assignment of error is overruled.
 {¶ 33} In his fourth assignment of error, appellant contends that the trial court erred in finding him in contempt. He argues that there was no evidence presented on the contempt motion and that he did not present a defense because the motion was never presented to the court.
 {¶ 34} Contempt proceedings in domestic relations cases are generally civil in nature, as any punishment is designed to encourage future compliance with the court's orders. Turner v.Turner (May 18, 1999), Franklin App. No. 98AP-999. The moving party must present clear and convincing evidence of the contempt allegations. Pugh v. Pugh (1985), 15 Ohio St.3d 136. In a contempt case, "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." R.C. 2705.03. Due process and the statutory provisions of R.C. 2705.03 require that an individual accused of contempt "be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." Courtney v. Courtney (1984),16 Ohio App.3d 329, 332.
 {¶ 35} The record reveals that appellee filed a motion for contempt on October 3, 2003. The motion alleged that appellant engaged in verbally abusive conduct towards appellee and was stalking and menacing her. The motion alleged that this conduct violated an October 2, 2002 restraining order issued by the court which prohibited appellant from "harassing, molesting, physically assaulting or threatening" appellee. Attached to the motion was an affidavit in which appellee reiterated the above allegations. The motion contained a notice that a hearing on the motion would he held on November 18, 2004 at 9:00 a.m., which was the time and date of the final hearing. The motion indicates that it was served on appellant's counsel. Appellant was personally served with a notice and summons on the contempt motion by certified mail. The summons also stated that a hearing on the motion would be held on November 18 at 9:00 a.m.
 {¶ 36} Both appellant and his counsel were present at the hearing on November 18 at 9:00 a.m. Appellee presented evidence that appellant called her "a whore," "a slut," "a cunt" and "a bitch." Appellant himself admitted calling appellee these names. In response to a question asking if he ever used profanities against his wife, appellant stated, "I subscribe to the theory that if the shoe fits, then wear it, so yes."
 {¶ 37} Appellee also testified and presented a police incident report describing an occasion when appellant followed her in her car as she went to a friend's house, got out of his car and verbally assaulted her, causing her to be scared and to shake. She also testified that appellant left abusive phone messages, and described another incident in which appellant was verbally abusive, threatening and lunged at her. Appellee further testified regarding an incident at the pediatrician's office when appellant intimidated her by being verbally abusive and blocking the door.
 {¶ 38} Based on this evidence, we find sufficient evidence to support the trial court's finding that appellant was in contempt for violating the court's order to refrain from harassing and threatening appellee.
 {¶ 39} Appellant's argument on this assignment of error seems to involve the fact that the contempt motion was not specifically mentioned at the hearing. While it would have been advisable for the court to state the motions and issues before the court, it was not required. Appellant and his counsel both received notice of the hearing on the contempt motion and had an opportunity to present evidence at the hearing. Much of the evidence at the hearing was relevant to both the contempt charge and other unresolved issues before the court, such as allocation of parental rights and responsibilities, and appellant had the opportunity to both present his evidence and to rebut the evidence presented by appellee. Therefore, because we find it has no merit, we overrule appellant's fourth assignment of error.
Judgment affirmed.
Powell and Valen, JJ., concur.