OPINION
{¶ 1} Plaintiff-appellant, Ann M. Valentine, appeals a judgment of the Butler County Court of Common Pleas, Domestic Relations Division, finding her in contempt, and denying her request to relocate her children out of state.
 {¶ 2} Appellant and defendant-appellee, Charles E. Valentine, were married on September 24, 1996. Two children were born issue of the marriage: Kathryn, born August 2, 1997, and Alyssa, born December 5, 1999. On January 29, 2003, a judgment entry and decree of divorce was filed. The decree names appellant the sole residential parent and grants appellee parenting time in accordance with Butler County Parenting Guidelines, with certain modifications.
 {¶ 3} One modification to the parenting guidelines relevant to this appeal concerns appellee's parenting time with his children via telephone. In that regard, the Decree states: "[Appellee] shall have the right to reasonable telephone contact with the children * * * each Wednesday evening during his break period at work[,] which is estimated to occur between 6:30 and 7:30 p.m. [Appellant] shall make the children available for the telephone calls, shall encourage their participation, and shall not interfere in any way with the telephone calls."
 {¶ 4} The record on appeal reveals that both parties have continually disagreed, fought, and argued with each other over the children and appellee's right to parenting time. Accordingly, on October 20, 2003, subsequent to one of their numerous disputes, appellee filed a motion for contempt against appellant, and a request for a change of circumstances hearing. In that motion, appellee alleged that appellant denied him the right to phone contact with his children on October 8 and October 15, 2003, and he requested that the court modify the current parenting time schedule, or designate him the residential parent.
 {¶ 5} In response, on November 21, 2003, appellant, in conjunction with a notice of intent to relocate, filed a motion to modify parental rights and responsibilities. In that motion, appellant asked the court to allow her to relocate with the children to the state of New Jersey, and modify appellee's parenting time accordingly. On December 9, 2003, appellee filed an objection to appellant's notice of intent to relocate, and another request for a change of circumstances hearing.
 {¶ 6} On December 11, 2003, the trial court held a hearing on appellee's motion for contempt. At that hearing, appellee offered evidence that he attempted to call his children at the appointed time on October 8, but the line was busy. He also offered evidence that on October 15, 2003, he called appellant's home and no one answered.
 {¶ 7} The parties were not able to present all their evidence on the issue of contempt during the time allotted on December 11, 2003. Accordingly, the hearing was continued until December 24, 2003, at which time the court agreed it would also hear appellant's request to relocate and appellee's motion for a change of circumstances.
 {¶ 8} At the December 24, 2003 hearing, evidence on the motion for contempt continued with the cross-examination of appellee. Appellant then presented her own testimony, and testimony from Steve Messer, a friend of appellant's present with her on the dates in question. Both testified that appellant's phone did not ring on October 8, 2003, between 6:30 and 7:30 p.m. They also testified that on October 15, 2003, appellant had car trouble and was not able to be at home between 6:30 and 7:30 p.m.
 {¶ 9} Appellant then presented evidence in support of her request to relocate. She testified that the move would provide the children a more healthy environment, as well as provide her with a healthy support system. She also testified that she was afraid of appellee, that he was stalking her, and that she would feel safer if she were living in New Jersey.
 {¶ 10} The time allotted for the presentation of evidence was again insufficient, and the hearing was continued until January 21, 2004. At that hearing, appellee testified that if the children were to relocate to New Jersey he would not be able to maintain a meaningful relationship with them. He also testified that he believed part of the reason for appellant seeking the move was to interfere with his ability to see his children.
 {¶ 11} At the conclusion of the January 21, 2004 hearing, the court rendered the following decision: Appellant was found in contempt for violating appellee's right to phone contact on October 8, 2003, and sentenced to one day in jail; appellant's request to relocate her children to New Jersey was denied; if appellant does choose to relocate by herself, the children will remain in Ohio with appellee as the residential parent.
 {¶ 12} On January 23, 2004, appellant filed a request for separate findings of facts and conclusions of law, which were issued and entered by the court on February 6, 2004. This appeal followed, in which appellant raises five assignments of error. For ease of analysis and clarity, the assignments will be considered out of order.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The trial court's granting of defendant-appellee's motion for contempt constitutes an abuse of discretion."
 {¶ 15} In her second assignment of error, appellant contends the trial court erred in finding her in contempt for failing to provide phone parenting time to appellee on October 8, 2003.
 {¶ 16} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windam Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus. In order to show contempt, it is necessary to establish a valid court order, knowledge of the order, and a violation of the order. Arthur Young Co. v. Kelly
(1990), 68 Ohio App.3d 287, 295.
 {¶ 17} On review, an appellate court will not reverse a finding of contempt by a trial court absent a showing of an abuse of discretion.Willis v. Willis, 149 Ohio App.3d 50, 66, 2002-Ohio-3716, ¶ 59. In order to show an abuse of discretion, an appellant must show the decision of the trial court was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court's decision "must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164,222.
 {¶ 18} In the instant case, there was a valid court order in the form of a divorce decree requiring appellant to facilitate phone contact between appellee and his children during one specific hour each week. The record also demonstrates that appellee had knowledge of that order. Finally, the trial court heard competent, credible testimony from appellee, and received reliable, credible evidence in the form of a transcript of a recorded attempted phone call, that on three occasions on October 8, 2003, appellee attempted to contact his children. He was unable to do so, however, because the phone line was busy. Consequently, we cannot say the trial court's decision to find appellant in contempt for failing to facilitate phone contact was unreasonable, or grossly violative of fact and logic.
 {¶ 19} Appellant contends that it was error to find her in contempt because there was no evidence that she intentionally denied appellee the right to phone time with his children. Appellant fails to recognize, however, that the purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful orders of a court; and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense. Windham Bank, 27 Ohio St.2d at paragraph three of the syllabus.
 {¶ 20} Appellant also contends the trial court could not validly grant the motion for contempt because she testified that the phone line was open and did not ring between 6:30 and 7:30 p.m. on October 8, 2003. Because her testimony that the line was open and that her phone did not ring during the allotted time was not directly contradicted, appellant argues, the trial court was required to accept it as true. Again, we disagree.
 {¶ 21} The credibility of witnesses, in either a civil or criminal case, is a determination that is primarily for the trier of fact. Statev. DeHaas (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Further, with respect to the choice between credible witnesses and their conflicting testimony, an appellate court may not substitute its judgment for that of the trier of fact. State v. Awan (1986), 22 Ohio St.3d 120,123.
 {¶ 22} In the instant case, appellee testified that he attempted to call during the allotted time frame and received a busy signal. The trial court, as noted in its decision, made the determination that appellee's testimony was credible. We will not substitute our judgment for that of the trial court. Accordingly, appellant's argument is not well-taken.
 {¶ 23} Appellant also contends the trial court prejudged the issue of contempt, and made its decision to sentence her to jail from bias. She bases her contention on comments by the trial court at the conclusion of the hearing on December 11, 2003. As the time allotted for the hearing expired, appellant sought clarification of the divorce decree's provision for phone parenting time. The court responded:
 {¶ 24} "I am not clarifying anything at this point in time. I have other cases waiting. I've gone beyond my twenty minutes on this. These two have never worked together. These two have never been able to work anything out. These two will continue to act in this manner. They will continue to file contempts. Let them read the Decree. Figure it out. If they violate it, let them file a new contempt. It is inevitable that these two will eventually end up in jail."
 {¶ 25} Based on the foregoing comments, appellant contends that the trial court had already decided the issue of whether, on October 8, 2003, she violated the phone contact provisions of the divorce decree. We disagree.
 {¶ 26} We first note that the Due Process Clause of the United States Constitution entitles defendants in civil and criminal cases to a trial before a tribunal that is fair and impartial, and not predisposed to find against them. Marshall v. Jerrico, Inc. (1980), 446 U.S. 238, 242,100 S.Ct. 1610, 1613. We do not find, however, after reviewing the record on appeal in this case, that the trial court denied appellant that right.
 {¶ 27} The record reveals that appellant and appellee have been before the same trial court in a long string of contentious and tumultuous proceedings related to their divorce. The contempt motion that is the subject of this appeal was the second granted in appellee's favor.
 {¶ 28} The trial court has repeatedly commented on the record about the parties continual fighting and lack of cooperation, and has on more than one occasion made comments such as "[t]he parties have never been able to cooperate or have a civil relationship, and * * * both parties behave immaturely." After carefully reviewing the record of the proceedings below, from the initial complaint for divorce to the granting of appellee's second motion for contempt, we are inclined to agree.
 {¶ 29} Regardless, appellant has not convinced us that the trial court based its decision to find her in contempt on its opinion that both parties would eventually end up in jail. Viewed in context, the trial court's comment that jail time will inevitably be imposed was nothing more than an isolated remark made after recording numerous observations of the interactions between appellant and appellee. Accordingly, appellant's contention that the court's comments at the end of the hearing on December 11, 2003 are indicative of bias and prejudice is not well-taken.
 {¶ 30} Finally, appellant seems to contend that because the trial court's findings of fact and conclusions of law do not specifically mention the December 11, 2003 hearing, or the testimony of Messer, the trial court failed to properly consider all the evidence before it.
 {¶ 31} The purpose of Civ.R. 52, which requires a trial court to issue separate findings of fact and legal conclusions upon the request of a party, is to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment. Inre Adoption of Gibson (1986), 23 Ohio St.3d 170, 172; Blue Chip PavementMaintenance, Inc. v. Ryan's Family Steak Houses (June 28, 2004), Clermont App. No. CA2003-09-072.
 {¶ 32} Upon reviewing the trial court's written findings and conclusions, this court was able to clearly see the basis for the decision below. The trial court's findings indicate that it found appellant was aware of her duty to facilitate phone contact at the time specified in the decree. The court's findings also indicate that it found appellee's testimony that he received a busy signal when he attempted to call his children on October 8, 2003, to be credible.
 {¶ 33} Furthermore, even if the trial court fails to make findings of facts and conclusions of law as to every issue presented, it is harmless error when the record, considered along with the court's order, provides an adequate basis to dispose of all the claims presented. Finn v. KrumroyConstr. Co. (1990), 68 Ohio App.3d 480, 487. In the case at bar, the record and the court's order, taken as a whole, provided an adequate basis for this court to dispose of all the claims and issues presented for review. Consequently, appellant's contention is not well-taken.
 {¶ 34} In sum, after a careful review of the record, we do not find the trial court abused its discretion in finding appellant in contempt, appellant's contentions to the contrary notwithstanding. The second assignment of error is therefore overruled.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "The trial court's [sic] abused its discretion in denying plaintiff-appellant's notice of intent to relocate."
 {¶ 37} In her fourth assignment of error, appellant contends the trial court abused its discretion in denying her request to relocate with her children to New Jersey.
 {¶ 38} The record reveals that appellant moved for modification of parental rights and responsibilities in conjunction with a notice of intent to relocate. In that motion, she requested permission to relocate her children to New Jersey and adjust appellee's parenting time to reflect the geographical change. Appellee, on the other hand, filed a motion for a change of circumstances hearing. In that motion he argued that appellant's repeated denial of his right to parenting time constituted a change of circumstances, and warranted the court in modifying the divorce decree by designating him as the residential parent. In substance, both parties' motions are requests to modify the allocation of parental rights and responsibilities originally stated in the divorce decree.
 {¶ 39} Appellant requested a change in appellee's right to parenting time to accommodate the greater geographical distance from New Jersey to Ohio. Appellee requested a change in the designation of the residential parent. In its final judgment, the trial court made a combined ruling, denying both requests. It is appellant who has appealed the court's ruling. Accordingly, we will treat this assignment of error as a request to review the denial of her motion to modify appellee's right to parenting time.
 {¶ 40} R.C. 3109.04(E)(1)(a) governs the modification of a previous order allocating parental rights and responsibilities, and states:
 {¶ 41} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 {¶ 42} A trial court's application of R.C. 3109.04(E)(1) to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415, 1997-Ohio-260, paragraph one of the syllabus. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621,1993-Ohio-122. An appellate court must affirm the factual conclusions of the trial court if it finds they are supported by competent, credible evidence. Spinetti v. Spinetti (Mar. 14, 2001), Summit App. No. 20113.
 {¶ 43} R.C. 3109.04(E)(1)(a) requires a court hearing a request to modify parental rights and responsibilities to first consider whether a change of circumstances has occurred. Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 383.
 {¶ 44} As noted by the trial court, a relocation, by itself, does not constitute a change of circumstances. Clontz v. Clontz (Mar. 9, 1992), Butler App. No. CA91-02-027. A proposed move along with a finding that the move will harm the welfare of the children involved, however, can constitute a change of circumstances. See e.g., Duning v. Streck, Warren App. Nos. CA2001-06-061, CA2001-06-062, 2002-Ohio-3167.
 {¶ 45} In the instant case, the trial court determined that appellant's proposed move would have a negative impact on the children by virtually severing their relationship with appellee. Accordingly, the trial court determined that appellant's proposed relocation of the children to New Jersey would constitute a change of circumstances. Upon reviewing the record, we find that the court did not abuse its discretion in reaching this conclusion.
 {¶ 46} Once the threshold requirement of a change of circumstances has been met, a court must determine whether the proposed modification to the parental rights and responsibilities is in the best interest of the child. R.C. 3109.04(E)(1)(a); Zinnecker at 383.
 {¶ 47} R.C. 3109.04(F)(1) sets forth a nonexclusive list of considerations in determining a child's best interest and provides, in pertinent part:
 {¶ 48} "In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:
 {¶ 49} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 50} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 51} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 52} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 53} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 54} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 55} * * *
 {¶ 56} "(i) Whether * * * one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 57} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 58} In its findings of fact and conclusions of law, the trial court set forth, in detail, its consideration of the foregoing factors. Specifically, with respect to those factors directly applicable to this case, the court determined the following:
 {¶ 59} Both children have significant relationships and interaction with both parents. The children are adjusted to their present environment in Ohio and have a regular schedule with each parent. The court also found appellant's statements that she needs to move to stop appellee from stalking her to be completely lacking in credibility. Finally, the court determined that appellant sought the move, in part, to thwart appellee's attempts to maintain a relationship with his children.
 {¶ 60} Upon making the foregoing findings, the court concluded that it would not be in the children's best interest to relocate to New Jersey.
 {¶ 61} The court's best interest findings were substantially based upon testimony from appellant and appellee. As discussed above, the weight given to the testimony of a witness is an issue primarily for the trier of fact; we will not substitute our judgment concerning the credibility of a witness for that of the trial court. DeHaas, 10 Ohio St.2d 230 at paragraph one of the syllabus; Awan, 22 Ohio St.3d at 123. Accordingly, we cannot say the court abused its discretion in concluding it would be in the children's best interest to remain in Ohio.
 {¶ 62} To the extent appellant has raised other various issues concerning the trial court's denial of her request to relocate, we have considered them, and find them to be without merit. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 63} Appellant's first, third, and fifth assignments of error are as follows:
 {¶ 64} Assignment of Error No. 1:
 {¶ 65} "The trial court committed plain error in granting defendant-appellee's motion for contempt."
 {¶ 66} Assignment of Error No. 3:
 {¶ 67} "The trial court committed plain error in denying plaintiff-appellant's notice of intent to relocate."
 {¶ 68} Assignment of Error No. 5:
 {¶ 69} "The trial court erred as a matter of law in denying plaintiff-appellant's notice of intent to relocate."
 {¶ 70} Appellant's first assignment of error, like the second assignment of error ruled upon above, challenges the trial court's decision to find her in contempt. Because we ruled on appellant's challenge to the finding of contempt under the proper abuse of discretion standard of review when we ruled upon the second assignment of error, we need not rule on assignment of error number one, as it is moot.
 {¶ 71} Similarly, appellant's third and fifth assignments of error, like the fourth assignment of error ruled upon above, challenge the trial court's denial of her request to relocate. Because we ruled on appellant's challenge under the proper abuse of discretion standard of review when we ruled on assignment of error number four, we need not rule on assignments of error three and five, as they are moot.
 {¶ 72} In sum, we find no merit with appellant's challenge to the trial court's decision to find her in contempt. We also find no merit with her challenge to the trial court's decision to deny her request to relocate with her children to the state of New Jersey. Accordingly, the judgment of the trial court is affirmed.
Young, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was submitted, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.