DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Common Pleas Court, Domestic Relations Division.
 {¶ 2} At the outset, we note that appellee failed to file an appellate brief. We shall, therefore, accept appellant's statement of the facts and issues in this appeal as being correct and will reverse the juvenile court's judgment "if appellant's brief reasonably appears to sustain such action." App.R. 18(C). *Page 2 
 {¶ 3} Appellant, Frank DiLallo, and appellee, Amy Cawres[1], were divorced on March 29, 2000. At that time, the parties entered into a shared parenting plan, which allowed each parent to participate in the parenting of their three minor children, Joshua, David, and Andrew. Under the plan, appellant was entitled to claim two of the children as tax dependency exemptions on his federal, state, and local tax returns, and appellee was entitled to claim one of the children on those tax returns.
 {¶ 4} On April 20, 2004, appellee filed a motion for modification of the parenting order, asking, inter alia, that she be named the residential parent and legal custodian of all three children. She further asked the court to award her the tax dependency exemptions for all three children. Appellant filed a motion to terminate spousal support. Other issues addressed by the parties during the proceedings below were medical expenses for the children, school and sport expenses incurred by the children, modification of child support, and payment by appellee to appellant for his equity in the marital residence. Some of these matters were settled by the consent of the parties, and others were heard by a magistrate.
 {¶ 5} On March 29, 2006, the magistrate entered a decision on the issues raised by the parties. As relevant to this appeal, the magistrate made the following findings of fact and conclusions of law:
 {¶ 6} "FINDINGS OF FACT
 {¶ 7} "* * * *Page 3 
 {¶ 8} "6. The parties agree that any uncovered expenses, including copays, will be split evenly between the parties. * * *.
 {¶ 9} "* * *
 {¶ 10} "8. There are three (3) minor children who have incurred expenses related to sports activities and medical treatment.
 {¶ 11} "* * *
 {¶ 12} "16. The Defendant asserts that he has also paid medical * * * expenses. He provided no evidence.
 {¶ 13} "20. The parties submitted the issue of the tax exemption without testimony. Each party was permitted to supplement the record.
 {¶ 14} "21. If Plaintiff [appellee] is awarded one child, her refund is $4,830.00; two children [sic] $5,830.00; and all three children [sic] $6, 830.00.
 {¶ 15} "22. If the Defendant [appellant] is awarded one child, the refund is $1,845.00; two children [sic] $3,311.00 and three children [sic] $4,778.00.
 {¶ 16} "23. The tax savings available for children is greatest if awarded to Plaintiff.
 {¶ 17} "24. The following exhibits are entered into evidence: Plaintiffs exhibits 1, 2, 3, 4, 5, 13, 15, 16, 17, 18, 19, 20 and 21.
 {¶ 18} "CONCLUSIONS OF LAW
 {¶ 19} "* * *
 {¶ 20} "2. Medical expenses. *Page 4 
 {¶ 21} "The parties agreed to a fifty/fifty division of expenses. Each was able to have access to medical information and they were to reconcile their expenses annually. The Plaintiff kept records; the Defendant did not. The Plaintiff incurred $966.50 in ordinary medical expenses for all three boys in 2003. In 2004, she incurred $112.06. Additionally, she incurred $3,296.38 for vision therapy for David. The defendant argues that he should not have to pay one-half because it was not covered by insurance. The Defendant could have sought a second opinion, he did not. Therefore, he must abide by the agreement made in the Shared Parenting Plan.
 {¶ 22} "4. Tax exemption.
 {¶ 23} "The court must determine the tax savings of each parent if the exemptions are awarded. The Plaintiff has demonstrated the greater savings and it is in the best interests of the minor children that she be awarded the exemptions.
 {¶ 24} "* * *
 {¶ 25} "3. The Plaintiff shall be awarded the right to claim all three children as exemptions."
 {¶ 26} Based upon the foregoing, the magistrate awarded appellee a lump sum judgment in the amount of $3,929.22, which was to be set off against the amount owed to appellant as the result of the parties' division of property. She also awarded all three tax dependency exemptions to appellee.
 {¶ 27} Appellant filed timely objections to the magistrate's decision, including an objection to the magistrate's award of the three exemptions to appellee. Appellant argued *Page 5 
that his net tax savings was greater that appellee's; therefore, he should be awarded the three dependency exemptions[2] for his minor children. Appellant also contended, inter alia, that the award of $966.50 in ordinary medical expenses for the year 2003 was unsupported by any of the magistrate's findings of fact. The trial court disagreed with appellant and adopted the provisions awarding appellee the federal tax exemptions and the medical expenses.
 {¶ 28} Appellant appeals that judgment and asserts the following assignments of error:
 {¶ 29} "The trial court erred in interpreting the law of Ohio to require an award of the right of a divorced parent to federal income tax exemptions for minor children premised upon the amount of income tax refunds the award would provide."
 {¶ 30} "It is error for a court to enter a conclusion of law that is unsupported by a finding of fact."
 {¶ 31} In his first assignment of error, appellant contends that the trial court erred in awarding the three federal tax dependency exemptions to appellee because both the magistrate and the judge based their calculations on the tax refunds that each party might receive rather than the parties' net savings.
 {¶ 32} Under federal law, a presumption exists in favor of granting a dependency exemption to the residential parent. Hughes v. Hughes (1988),35 Ohio St.3d 165, 167. However, in Singer v. Dickinson (1992),63 Ohio St.3d 408, the Ohio Supreme Court *Page 6 
reviewed a trial court's allocation of dependency tax exemptions. The court held that a dependency tax exemption could be allocated to a non-residential parent when it would produce a net savings for the parents, "thereby furthering the best interest of the child." Id. at paragraph two of the syllabus. In general, such net tax savings for the parents can only occur when the noncustodial parent's taxable income falls into a higher tax bracket. Id. at 415-416. In deciding whether any taxes would be saved by such an award, a court was required to review any "pertinent factors." Id. at paragraph three of the syllabus. These included both parents' gross incomes, any other exemptions to which the parents were entitled, and "the relevant federal, state, and local income tax rates. Id.
 {¶ 33} Subsequently, the Ohio General Assembly codified and expanded the test that a court must apply in determining the allocation of a dependency tax exemption by enacting R.C. 3119.82. Bailey v.Bailey, 12th Dist. No. CA2004-02-017, 2004-Ohio-6930, ¶ 27. If the parties cannot agree as to which parent may claim their children as dependents, the court may allow the non-residential parent to claim the children as dependents for federal income tax purposes if: (1) "the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents; "and (2) the court considers, in making its determination,"any net tax savings, the relative financial circumstances and needs ofthe parents and children, the amount of time the children spend witheach parent, the eligibility of either or both parents for the federalearned *Page 7 income tax credit or other state or federal tax credit, and any otherrelevant factor concerning the best interest of the children." (Emphasis added.) R.C. 3119.82.
 {¶ 34} Generally, a domestic relations court has broad discretion in allocating tax dependency exemptions, and absent a showing an abuse of that discretion, its decision cannot be overturned by an appellate court. Pelger v. Pelger, 5th Dist. No. 2005CA00075, 2005-Ohio-6067, ¶ 21. An abuse of discretion is more than an error of law or judgment, but, instead, connotes a trial judge's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAA Enterprises, Inc. v. River PlaceCommunity Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
 {¶ 35} As applied to the present case, the trial court's decision on the allocation of the dependency exemptions in this cause is unreasonable because both the magistrate and the trial judge incorrectly focused solely on the amount of the tax refund that each parent would receive if awarded the disputed dependency exemptions. Nonetheless, we decline to adopt the standard set forth by appellant due to the fact that it only requires a comparison of the net savings of each parent. As set forth above, R.C. 3119.82 goes beyond a mere comparison of the net savings of each parent in determining the best interest of a child. Accordingly, while appellant's first assignment of error is found well-taken, we will remand this cause to the trial court for the purpose of re-determining the *Page 8 
allocation of the dependency exemption for each of the parties' children pursuant to R.C. 3119.82 and Singer.
 {¶ 36} In his second assignment of error, appellant asserts that the magistrate and the trial judge erred in awarding appellee $966.50 in medical expenses for the parties' three sons for the year 2003 because this award is not supported by any finding of fact in the magistrate's decision.
 {¶ 37} Appellant does not dispute the amount of the 2003 medical expenses, merely the fact that the magistrate, not the judge, failed to enter a finding of fact reflecting that amount. Our review of the record reveals that the trial court entered appellee's Exhibit 1 into evidence at trial. If the ordinary medical expenses for 2003 listed in that exhibit are added together, the total is $967. Even if a trial court/magistrate fails to make findings of facts on every issue raised by the parties, "it is harmless error when the record, considered along with the court's order, provides an adequate basis to dispose of all the claims presented." Valentine v. Valentine, 12th Dist. No. CA2004-01-0,2005-Ohio-2366, ¶ 33, citing Finn v. Krumroy Constr. Co. (1990),68 Ohio App.3d 480, 487. In the case under consideration, the record of this cause, as well as the court's order, when taken as a whole, provide an adequate basis for this court to find that the domestic relations court did not err in awarding $966.50 in ordinary medical expenses for the year 2003 to appellee. Consequently, appellant's second assignment of error is found not well-taken. *Page 9 
 {¶ 38} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. This cause is remanded to that court for further proceedings consistent with this judgment. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFRIMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR.
[1] This is appellee's "maiden name," which was restored to her in the parties' decree of divorce.
[2] Prior to the entry of the trial court's judgment on the magistrate's decision, Joshua reached 18 years of age and child support for him was terminated. *Page 1