OPINION
{¶ 1} Appellants Paul C. Harger Trust, M. Rick Harger, K. Rowdy Harger, and HFI, Inc. appeal the decision of the Court of Common Pleas, Morrow County, which granted judgment in favor of Defendants-Appellees Morrow County Regional Planning Commission ("MCRPC"), et al, following a jury trial. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1998, appellants purchased 68 acres of land in Harmony Township, Morrow County, for development of a residential subdivision. Appellants thereafter began the process of submitting "Phase I" plans and sketches to Appellee MCRPC in order to obtain zoning approval. Appellants hired the engineering firm of Floyd-Browne Associates to design and prepare the sketches in accordance with the MCRPC subdivision rules. In total, appellants submitted approximately twenty sketches for the proposed subdivision.
 {¶ 3} After more than two years, appellants were unable to obtain approval for their proposed development. Some of the problems included line-of-sight safety concerns at driveways due to the hilly terrain and septic leach bed issues due to poor soil drainage. Appellants arranged a meeting with MCRPC in September 2000, apparently in an attempt to avoid litigation, to discuss their differences on this project. In October 2000, MCRPC allegedly notified appellants that it had preliminarily approved the proposed development, although appellants presently assert that no "Phase II" preliminary plan had ever been submitted at that time.
 {¶ 4} On May 23, 2001, appellants filed a complaint, including claims under Section 1983, Title 42, U.S. Code, against Appellees MCRPC, Jean McClintock, and *Page 3 
Thomas Weiler in the Morrow County Court of Common Pleas.[1]
Appellants therein alleged that appellees' actions in repeatedly rejecting appellants' proposed development plans constituted an unlawful taking under the Fifth Amendment to the United States Constitution and Article I, Section 19 of the Ohio Constitution, and that appellees had tortiously interfered with appellants' business relations. Appellants prayed for damages in excess of $25,000.00, punitive damages, and attorney fees.
 {¶ 5} During the intervening period, which included an appeal to this Court (see Paul C. Harger Trust v. Morrow County Regional PlanningCom'n, Morrow App. No. 03-CA-19, 2004-Ohio-6643), the parties participated in the discovery process. The trial court issued a case schedule on June 3, 2005, which required appellants disclose the identity of their experts by October 1, 2005, and required appellees to disclose the identity of their experts by November 15, 2005. Appellants thereafter timely provided the names of two plaintiffs experts. Appellees, on November 14, 2005, filed a disclosure with the trial court indicating that they intended to call two "yet unidentified" defense experts: one on real estate and property valuation, and one on subdivision, zoning, and planning law. Appellees also provided the name of Douglas Plunkett as an expert on zoning laws, procedures, administrative remedies, and subdivision zoning and planning law.
 {¶ 6} The case proceeded to a final pre-trial on September 18, 2007. The next day, appellees disclosed the names of two experts, Robert Kagler (to substitute for the aforesaid Plunkett, who was unavailable for trial) and Daniel Green. Then, on October *Page 4 
1, 2007, appellees gave notice that they were substituting Kennon Osbun for Daniel Green, due to Green's health issues.
 {¶ 7} The matter proceeded to a jury trial on October 22 to October 26, 2007, at which Kagler and Osbun testified. On October 26, 2007, the jury returned a verdict in favor of appellees.
 {¶ 8} On November 26, 2007, appellants filed a notice of appeal. They herein raise the following three Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED TRIAL TESTIMONY OF EXPERTS WHO WERE NOT IDENTIFIED PRIOR TO THE EXPERT DISCLOSURE DEADLINE, AFTER THE FINAL PRETRIAL, AND WITHIN THIRTY (30) DAYS OF TRIAL.
 {¶ 10} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED TRIAL TESTIMONY OF EXPERTS WHO FAILED TO PRODUCE THEIR REPORT BY THE COURT ORDERED DEADLINE, FAILED TO PROVIDE THEIR OPINIONS IN REPSONSE TO INTERROGATORY REQUESTS, AND UNTIMELY PROVIDED THEIR REPORTS WITHIN THIRTY (30) DAYS OF TRIAL.
 {¶ 11} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO TAKE JUDICIAL NOTICE OF THE OHIO OPEN MEETINGS ACT WHICH WAS RELEVANT AND NECESSARY FOR THE JURY."
 I., II. {¶ 12} In their First and Second Assignments of Error, appellants contend the trial court erred in allowing the testimony of appellees' two expert witnesses, Kagler and Osbun. We disagree. *Page 5 
 {¶ 13} The admission or exclusion of evidence rests in the sound discretion of the trial court. Herron v. Baker Hi-Way Express, Tuscarawas App. No. 2003 AP 10 0080, 2004-Ohio-6681, ¶ 39, citingState v. Sage (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343. Our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 14} Civ. R. 37 details the procedures available to a party seeking to correct discovery-related problems. Jacobs v. Hall (Oct. 4, 1999), Stark App. No. 1998CA00246. The exclusion by the trial court of reliable and probative evidence under Civ. R. 37 "is a severe sanction and should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." Nickey v. Brown (1982), 7 Ohio App.3d 32,34, 454 N.E.2d 177. Further, under Civ. R. 37(D), exclusion is only one of several means of remedying unfair surprise. Id., citing Hair v.Certified Laboratories (Aug. 3, 1979), Summit App. No. 9160. "Courts typically exclude a party's expert testimony for failure to disclose the subject matter of that testimony when the subject matter is revealed for the first time at trial and the opposing party had no reason toanticipate it." Wright v. Suzuki Motor Corp., Meigs App. No. 03CA2, 03CA3, 03CA4, 2004-Ohio-3494, ¶ 66, emphasis added, citing Walker v.Holland (1997), 117 Ohio App.3d 775, 788, 691 N.E.2d 719.
 {¶ 15} In the case sub judice, as noted in our recitation of facts, appellees disclosed the name and general subject matter of expertise of Douglas Plunkett in November 2005, nearly two years before trial. During the time prior to appellees' expert *Page 6 
witness substitution of Plunkett with Robert Kagler in September 2007, appellants never deposed Plunkett. Plunkett was thus substituted by Kagler more than thirty days prior to trial.
 {¶ 16} In regard to appellees' second expert, the record indicates that appellees notified appellants in November 2005 that they intended to call a then unidentified expert on real estate and property valuation. On September 11, 2007, Daniel Green was identified by appellees for said purpose. Due to a medical situation, appellees substituted Kennon Osbun, Green's business partner, on October 1, 2007, still approximately three weeks before the trial commenced.
 {¶ 17} Appellants in their brief repeatedly make generalized assertions that appellees' substitution of witnesses caused prejudice to appellants' case, but provide little to convincingly document such assertions. Upon review, we are unable to find the trial court abused its discretion in ruling that appellees' handling of expert witness discovery did not warrant the severe sanction of excluding the experts' testimony. Nickey, supra.
 {¶ 18} Appellants also challenge the testimony of witnesses Kagler and Osbun on the basis that appellees' improperly provided their written expert reports. We recognize that the civil rules are intended to eliminate surprise and prevent a "trial by ambush." See Bailey v.Bailey, Clermont App. No. CA2004-02-017, 2004-Ohio-6930, ¶ 31. However, as appellees note, neither the Ohio Rules of Civil Procedure nor the Local Rules of the Morrow County Court of Common Pleas require a written report as a condition precedent to calling an expert witness. In this instance, neither Plunkett nor Green, appellees' original experts, had prepared written reports. When Kagler was *Page 7 
substituted for Plunkett, he did prepare a report, which was faxed to appellants' counsel on the Friday before the Monday morning deposition of Kagler. Osbun, who replaced Green, did not prepare an expert report. He relied instead on various public records from the county auditor's office, all of which were faxed to appellants' counsel.
 {¶ 19} Again, we are unable to find on this basis the trial court abused its discretion in declining to invoke the severe sanction of excluding appellees' experts' testimony.
 {¶ 20} Appellants' First and Second Assignments of Error are therefore overruled.
 III. {¶ 21} In their Third Assignment of Error, appellants maintain the trial court erred in failing to take judicial notice of the Ohio Open Meetings Act.
 {¶ 22} R.C. 121.22(A) requires "public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." In the case sub judice, appellants made a pretrial request to take judicial notice of and instruct the jury on the Open Meeting Act on the basis that part of their case involved the question of whether MCRCP had indeed reviewed and approved the preliminary sketch plan. The trial court treated appellants' request as a motion in limine. Tr., October 22, 2007, at 5-6. However, the established rule in Ohio is that the grant or denial of a motion in limine is not a ruling on the evidence.Haslam v. Russell, Monroe App. No. 03 MO 3, 2003-Ohio-6724, ¶ 51, citingState v. Grubb (1986), 28 Ohio St.3d 199, 200-201, 503 N.E.2d 142. "Rather, it is a preliminary ruling, requiring the parties to raise specific evidentiary objections at trial in *Page 8 
order to permit the court to consider the admissibility of the evidence in its actual context." Id., citing Grubb at 202. Furthermore, absent plain error, the failure to object to improprieties in jury instructions is waiver of the issue on appeal. State v. Underwood (1983),3 Ohio St.3d 12, 13, 444 N.E.2d 1332.
 {¶ 23} Whether viewed as a motion in limine or as a requested jury instruction, we find appellant's arguments as to the Open Meetings Act waived for purposes of appeal. We are further disinclined to invoke plain error under these circumstances, as the doctrine of plain error in civil matters is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122, 1997-Ohio-401,679 N.E.2d 1099.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Gwin, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed. Costs assessed to appellants.
[1] Weiler passed away after the case commenced; appellants subsequently dismissed his estate from the lawsuit. *Page 1